1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD YATES, JR.,                        No.  2:15-cv-1762 WBS CKD PS

12                 Plaintiff,

13        v.                                    ORDER AND

14   MAMMOTH COMMUNITY WATER               FINDINGS AND RECOMMENDATIONS
     DISTRICT,
15
                 Defendant.
16

17

18        Defendant's motion to dismiss came on regularly for hearing on November 4, 2015.

19   Plaintiff, proceeding in propria persona, failed to appear.  Michael Youril appeared for

20   defendants.  Upon review of the documents in support and opposition, upon hearing the

21   arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

22        In this action removed from state court, plaintiff alleges claims under 42 U.S.C. § 1983

23   arising out of his rental of a residential property owned by the defendant water district.  Plaintiff

24   also alleges state law claims under California's Unfair Competition Law ("UCL"), Bus. & Prof.

25   Code § 17200 et seq., retaliation, malicious prosecution, and breach of contract.  Defendant

26   moves to dismiss.

27        In considering a motion to dismiss for failure to state a claim upon which relief can be

28   granted, the court must accept as true the allegations of the complaint in question, Erickson v.

                                             1

1    Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the

2    plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3         In order to avoid dismissal for failure to state a claim a complaint must contain more than

4    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

5    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

6    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

7    statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

8    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

9    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

10   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

11   at 678.

12        In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider

13   only allegations contained in the pleadings, exhibits attached to the complaint, and matters

14   properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d

15   895, 899 (9th Cir. 2007).  Defendant has requested this court take judicial notice of documents.

16   ECF No. 8-2.  That request will be granted.

17        Defendant contends it cannot be held liable under section 1983 because plaintiff fails to

18   identify any legally protected interest invaded by the District.  This contention is well taken.  The

19   basis of plaintiff's civil rights claim is that defendant allegedly sought illegal late fees, demanded

20   rent that was not due, and threatened plaintiff with losing his home.  Plaintiff alleges no federal

21   rights or constitutional deprivation.  Plaintiff offers nothing in his opposition which suggests this

22   deficiency can be cured.  This cause of action should be dismissed without leave to amend.

23        Plaintiff's second cause of action alleges a claim under the UCL.  Defendant contends that

24   such a claim is not available against a public entity.  Plaintiff argues such a claim should lie

25   because the District is not a public entity.  This argument is meritless.  The defendant water

26   district is a public entity under California law.  Cal. Gov't Code § 811.2; Cal. Water Code §118-8

27   ("public entity" includes California water district); Cal. Water Code §§ 30013, 31013, 31013.5.

28   The definition of a "person" subject to liability under the UCL does not include a public entity.

1   Cal. Bus. & Prof. Code § 17201; see Tuchscher Dev. Enterprises, Inc. v. San Diego Unified Port

2   Dist., 106 Cal. App. 4th 1219, 1243-44 (2003).  This is so even where the public entity is engaged

3   in commerical activities.  See California Medical Assn. v. Regents of University of California, 79

4   Cal.App.4th 542, 551 & fn. 14 (2000) (state university school of medicine and hospital is public

5   entity and thus  not a "person" within scope of prohibitions of unfair competition law, even

6   though hospital is involved in commercial activity).  Plaintiff's second claim for relief should

7   therefore be dismissed with prejudice.

8        Defendant is also immune from liability for plaintiff's retaliation claim.[1]  See Miklosy v.

9   Regents of University of California, 44 Cal. 4th 876, 899 (2008) (Cal. Gov't Code § 815

10  abolishes all common law or judicially declared forms of liability for public entities); Tameny v.

11  Atlantic Richfield Co., 27 Cal. 3d 167 (1980) (retaliation in violation of public policy).  Similarly,

12  an action for malicious prosecution cannot lie against the defendant public entity.  See Novoa v.

13  County of Ventura, 133 Cal.App.3d 137, 143 (1982); Cal. Gov't Code §§ 821.2, 821.6.  These

14  claims should therefore also be dismissed with prejudice.

15       Plaintiff's fifth claim for relief is for breach of contract.  In conclusory fashion, plaintiff

16  alleges that defendant breached the implied warranty of habitability, the implied covenant of good

17  faith and fair dealing, the implied covenant of quiet enjoyment, and the modification of the lease

18  to deduct rent due from his pay.  Such conclusory allegations are insufficient to support a claim

19  for breach of contract.  See generally Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1367

20  (2010) (to state claim for breach of contract, plaintiff must allege the contract, plaintiff's

21  performance or excuse for nonperformance, defendant's breach and damages).  Plaintiff alleges

22  no facts supporting his claim of inhabitability or other breach.  The claim should therefore be

23  dismissed.  However, because it appears plaintiff may be able to cure this deficiency, leave to

24  amend should be granted.

25  /////

26

27  _____

[1]  In the opposition, plaintiff raises a claim under California Civil Code § 1942.5 not pled in the
28  original complaint.  Plaintiff's argument in support of such a claim is insufficient to state a cause
    of action under that statute.

1         This action was removed from state court on the basis of federal question jurisdiction

2    predicated upon an alleged violation of 42 U.S.C. § 1983.  All but one of plaintiff's claims should

3    be dismissed without leave to amend.  With the dismissal of the federal claim, only a state law

4    claim remains.  In these circumstances, it is appropriate for the court to decline to exercise

5    jurisdiction over the remaining state law claim and remand the matter under 28 U.S.C. §

6    1367(c)(3) (district court may decline to exercise supplemental jurisdiction if district court has

7    dismissed all claims over which it has original jurisdiction).

8         Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice

9    (ECF No. 8-2) is granted; and

10        IT IS HEREBY RECOMMENDED that:

11        1.  Defendant's motion to dismiss (ECF No. 8) be granted with leave to amend only the

12   contract claim within sixty days of the District Court's resolution of these findings and

13   recommendations; and

14        2.  The action be remanded to the Superior Court of California, County of Mono.

15        These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

21   Ylst, 951 F.2d 1153 (9th Cir. 1991).

22   Dated:  November 5, 2015

23                                _____

24                                CAROLYN K. DELANEY
                                  UNITED STATES MAGISTRATE JUDGE

25   4 yates1762.57

26

27

28

                           4